Alexander P. McLaughlin, ISB No. 7977
GIVENS PURSLEY LLP
601 West Bannock Street
PO Box 2720
Boise, ID  83702
Phone: (208) 388-1200
Fax: (208) 388-1300
alexmclaughlin@givenspursley.com
19189421 [18510.2]

*Attorneys  for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EB-5 UNITED ROCKIES REGIONAL CENTER, LLC,<br><br>           Plaintiffs,<br><br>vs.<br><br>UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES (USCIS); JOSEPH EDLOW, in his Official Capacity as Director, USCIS; and ALISSA EMMEL, in her Official Capacity as Chief, Immigrant Investor Program Office,<br><br>           Defendants. | Case No.:<br><br>**COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT** |

## <u>INTRODUCTION</u>

Plaintiff, EB5 United Rockies Regional Center, LLC ("**EB5 United Rockies RC**" or "**Plaintiff**"), by and through undersigned counsel, complains of the Defendants, United States Citizenship & Immigration Services ("**USCIS**"); Joseph Edlow, in his Official Capacity as Director, USCIS; and Alissa Emmel, in her Official Capacity as Chief, Immigrant Investor Program Office, as follows:

**COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT - 1**

## PRELIMINARY STATEMENT

1.      This action arises from Defendants' failure to timely adjudicate Plaintiff's Form I-956F, Application for Approval of an Investment in a Commercial Enterprise ("**Form I-956F**") submitted on behalf of the new commercial enterprise, EB5 United Driggs, LLC (Receipt No. INF2560015768) ("**NCE**").

2.      The NCE was formed to raise up to $15,200,000 in investment capital from up to 19 foreign investors to construct and develop the Teton Outing Club, a new residential development featuring for-sale townhome-style condominiums located in Driggs, Teton County, Idaho, in the Jackson Hole region ("**Project**").

3.      As required by the EB-5 Reform and Integrity Act of 2022 ("**RIA**"), Plaintiff filed Form I-956F pursuant to INA 203(b)(5)(F)(i), which states that a "regional center shall file an application with the Secretary of Homeland Security for each particular investment offering through an associated new commercial enterprise before any alien files a petition for classification under this paragraph by reason of investment in that offering." INA 204(a)(1)(H)(i).

4.      Here, Plaintiff submitted Form I-956F on behalf of the NCE on May 2, 2025, in the hopes that investors in the NCE would obtain permanent resident status in the U.S. through the employment-based fifth preference "reserved" category of the Immigration and Nationality Act ("**INA**"), INA § 203(b)(5) – otherwise known as the EB-5 visa program.

5.      Plaintiff's I-956F petition, which was filed under the "rural" set-aside category, has been pending for more than five (5) months.

6.      Since Plaintiff's submission of Form I-956F, other similarly situated regional centers have had their I-956F petitions approved in much less time.

**COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT - 2**

7.     Failure to timely adjudicate Plaintiff's Form I-956F has severely harmed Plaintiff reputationally and financially.

8.     Having received Defendants' approval on the I-956F petition is a gating issue for investment consideration by immigrant investors. Having an unreasonably delayed adjudication of the Plaintiffs' I-956F petition has sowed doubt and confusion among existing and prospective EB-5 investors, and the resulting market anxiety has greatly hindered Plaintiff's ability to raise funds while the Defendants' arbitrary adjudication of other competing I-956F petitions has ultimately created an unfair marketplace of competition.

## PARTIES

### A.     Plaintiff

9.     Plaintiff, EB5 United Rockies Regional Center, was established under the laws of the State of Delaware. The sole purpose of EB5 United Rockies RC is to sponsor job creation projects and raise millions from private and immigrant investors, which in turn secures permanent residency in the U.S. for hundreds of families, while creating thousands of full-time American jobs.

### B.     Defendants

10.     Defendant, U.S. Citizenship and Immigration Services is the agency responsible for adjudicating Plaintiff's I-956F petition, through its service centers or sub-agencies.

11.     Defendant, Joseph Edlow, is the Director of USCIS. He is sued in his official capacity. In his capacity as Senior Official Performing the Duties of the Director, Mr. Edlow has the ultimate responsibility within USCIS for adjudicating Plaintiff's I-956F petition.

12.     Defendant, Alissa Emmel, is the Chief of USCIS's Immigrant Investor Program ("**IPO**"). She is sued in her official capacity. As Chief of the IPO, Ms. Emmel is responsible for ensuring that the agency renders a lawful decision on Plaintiff's I-956F petition.

**COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT - 3**

## JURISDICTION

13.     This is a civil action brought pursuant to 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction).

14.     Review is also warranted, and relief sought under, the Administrative Procedure Act ("**APA**") pursuant to 5 U.S.C. §§ 701 *et seq.*, 702, 706(1) and 555(b).

15.     As set forth below, the delay in processing Plaintiff's properly filed I-956F petition is unreasonable.

## VENUE

16.     Venue is proper in the U.S. District Court for the District of Idaho pursuant to 28 U.S.C. § 1391(b)(1)(B).

17.     Here, venue properly lies in the District of Idaho because EB5 United Rockies RC's project, job creating entity, and a substantial part of the events giving rise to Plaintiff's claims occurred in this district: (1) EB5 United Rockies RC is approved to sponsor projects located in Teton County, Idaho; (2) the new commercial enterprise, EB5 United Driggs, LLC, principally operates in Idaho; (3) the new commercial enterprise was formed to loan EB-5 investments to the job-creating entity to construct and develop the Project; and (4) the estimated 314 jobs that are created as a result of this enterprise are all created in the State of Idaho.

18.     In sum, the entire basis for Plaintiff's I-956F petition occurs in the State of Idaho. Therefore, venue is proper.

**COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT - 4**

## EXHAUSTION OF REMEDIES

19.     No exhaustion requirements apply to Plaintiff's Complaint for a Writ of Mandamus or relief under the APA. Plaintiff is owed a duty – the timely adjudication of its properly filed I-956F petition, which has been duly filed with USCIS. Defendants have unreasonably delayed and failed to adjudicate the Plaintiff's petition for more than five (5) months. Plaintiff has no other adequate remedy available for the harm it seeks to redress, – the failure of Defendants to process its application in a timely manner.

## V. FACTUAL BACKGROUND

### A.     The EB-5 Immigrant Investor Program

20.     USCIS administers the EB-5 Immigrant Investor Program, which was created by Congress in 1990 to stimulate the U.S. economy through job creation and capital investment by foreign investors. Under a program first enacted as a pilot in 1992 and regularly reauthorized since then, investors may also qualify for EB-5 classification by investing through regional centers designated by USCIS based on proposals for promoting economic growth.

21.     On March 15, 2022, President Biden signed the RIA as part of the Consolidated Appropriations Act, 2022 (Public Law 117-103), which created new requirements for the EB-5 immigrant visa category and the Regional Center Program.

22.     Amongst many things, the RIA required designated regional centers to submit a Form I-956F, Application for Approval of an Investment in a Commercial Enterprise along with a filing fee of $17,795, to request approval of each particular investment offering through an associated new commercial enterprise. This includes regional centers with previously "exemplar approved" commercial enterprises that expect to continue to operate and raise capital from EB-5 investors after the effective date of the RIA.

**COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT - 5**

23.     Lastly, the RIA required all regional centers, including Plaintiff, to pay Integrity Fund fees of $20,000 annually. To date, Plaintiff has complied and paid $20,000 each year for Fiscal Years 2023, 2024, and 2025, for a total of $60,000.

24.     As per INA 203(b)(5)(F)(i), a "regional center shall file an application with the Secretary of Homeland Security for each particular investment offering through an associated new commercial enterprise before any alien files a petition for classification under this paragraph by reason of investment in that offering."

25.     In order for an EB-5 investor to obtain the status of a lawful permanent resident under the Immigrant Investor Program, an immigrant investor must first file an Immigrant Petition by Alien Entrepreneur on Form I-526E, which identifies the investor and describes the qualifying investment. 8 C.F.R. § 204.6(a).

26.     Only upon approval of the regional center's I-956F will an EB-5 investor's I-526E petition be considered for adjudication. INA 203(b)(5)(F)(ii).

27.     Lastly, in addition to allocating one-fifth of EB-5 visas to rural investments, the Reform Act also directed USCIS to "prioritize the processing and adjudication of petitions for rural areas." 8 U.S.C. § 1153(b)(5)(E)(ii)(I).

**B.    Plaintiff's I-956F Petition Under the Post-RIA EB-5 Program**

28.     On May 2, 2025, Defendants received Plaintiff's submitted Form I-956F, Application for Approval of an Investment in a Commercial Enterprise, with a fully executed form and correct government filing fee of $17,795. *See* **Exhibit 1** for I-956F Receipt Notice.

29.     The I-956F petition was filed and receipted under the "rural" set aside visa.

**COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT - 6**

30.     Additionally, the Form I-956F was accompanied by "EB-5 compliant" evidence showing that EB-5 investors would invest EB-5 capital for the construction and development of the Project.

31.     More than five (5) months have passed, yet Plaintiff has not received a response on the properly filed petition.

32.     During this time, other non-rural projects that are not afforded priority processing have received I-956F approvals, which shows that not only do Defendants have the time and resources to adjudicate I-956F petitions expeditiously, but they are also creating an unfair marketplace by delaying Plaintiff's petition, which also qualifies for priority processing.

**C.     Other Projects Sponsored by Other Regional Centers Have Been Approved by USCIS in Five (5) Months or Less**

33.     While Defendants claim that the median time for processing the I-956F petition is 11.1 months, open-source searches show that Defendants have the resources, ability, and determination to adjudicate non-rural projects that don't even qualify for priority processing in as little as 78 days.

34.     In April 2025, Behring Regional Center submitted a Form I-956F for an infrastructure/high unemployment offering. Behring's I-956F was approved in **78 days**. *See* **Exhibit 2A**.

35.     CMB Group 98 – Hillwood Commerce 71 project was approved in **under three (3) months (~less than 90 days)**. *See* **Exhibit 2B**.

36.     CMB Group 89 – Hillwood City Creek project boasted an I-956F approval in **39 days**. *See* **Exhibit 2B**.

37.     CMB Group 93 – Coachella Valley project was also approved in **three (3) months (~90 days)**. *See* **Exhibit 2B**.

**COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT - 7**

38.     Canam Enterprises' Waterview Residences project in a rural TEA in Dillon, Colorado, was approved in **two (2) months and two (2) weeks (~74 days)**. *See* **Exhibit 2C**.

39.     ALC's Marcella Landing gated townhome community in a rural TEA in Utah, was approved **within three (3) months (~within 90 days)**. *See* **Exhibit 2C**.

40.     Behring Co.'s expansion of the RISE EB-5 Fund, a collection of 14 multi-family apartment developments, in the East San Francisco Bay area, was approved in **five (5) weeks**. *See* **Exhibit 2C**.

41.     Yet Plaintiff's I-956F in a rural area is still pending five (5) months later.

42.     The RIA mandates priority processing for petitions associated with rural projects such as Plaintiff's. Yet, Defendants have proceeded to adjudicate I-956F petitions submitted by non-rural projects that do not qualify for such statutory prioritization. This selective and inconsistent adjudication demonstrates that Defendants have the resources and institutional capacity to process these petitions expeditiously but are arbitrarily withholding action on Plaintiff's petition. Such inaction not only violates the statutory priority established by Congress, but also creates an unfair and distorted EB-5 marketplace that materially prejudices Plaintiff. This undue delay, absent any lawful justification, warrants mandamus relief.

**D.    Plaintiff's I-956F Delay**

43.     Plaintiff's I-956F petition has now been unreasonably pending for more than five (5) months while others have had their petitions approved in much less time.

44.     Despite meeting all filing requirements and providing USCIS with a total fee amounting to $95,590 (I-956F filing fee of $17,795 for the NCE, I-956 filing fee of $17,795 for regional center designation, and $60,000 worth of EB-5 Integrity Fund Fees), USCIS has not issued any sort of indication as to a timeline for adjudication of the I-956F petition. Nor is there

**COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT - 8**

any likely relief on the horizon. This inexplicable delay continues to prejudice and harm Plaintiff and thus leaves Plaintiff with no other remedy but to file this action.

45.    There is no explanation for the blatant discrimination shown to Plaintiff.

**E.    Unreasonable Delay in Processing Plaintiff's I-956F Petition Will Cause Plaintiff Substantial Financial Harm**

46.    Defendants' delay in adjudicating Plaintiff's I-956F petition severely prejudices Plaintiff's interests both reputationally and financially.

47.    Plaintiff submitted Form I-956F in good faith with the required fees and documentation, paid over $95,000 in fees to Defendants, and timely responded to any and all requests from Defendants, yet Plaintiff is not accorded the same level of good faith dealing by Defendants.

48.    Instead, Defendants have delayed adjudication of Plaintiff's Form I-956F while approving others' Form I-956F in less time.

49.    As a result of Defendants' delay and discriminatory tactics, Plaintiff has suffered great financial harm.

**F.    Unreasonable Delay in Processing Plaintiff's I-956F Petition Has Created a Discriminatory EB-5 Market**

50.    According to 8 U.S.C. § 1571(b), "[i]t is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application."

51.    As shown above and in Exhibit 2, Defendants have adjudicated other rural-associated I-956F petitions in 78 days or less.

52.    Yet Plaintiff's I-956F petition remains pending for more than five (5) months.

**COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT - 9**

53.    The delay in the adjudication of Plaintiff's I-956F petition has delayed Plaintiff's ability to raise EB-5 capital, as investors are naturally attracted to those projects that have received USCIS' "stamp of approval."

54.    Prospective investors have selected competing projects over the Plaintiff's for the sole reason that these projects have received I-956F approval and subsequent I-526E approvals (which can only be provided after I-956F approval).

55.    Lacking I-956F approval and snail-paced timing of adjudications is weaponized by industry competitors as a direct flaw and weakness to Plaintiff's EB-5 investment offering.

56.    I-956F approvals handed out by Defendants to competitors in significantly less time than Plaintiff have resulted in equally quick individual investor I-526E approvals and has created an unsurprising race where competitors are given a head start and others such as Plaintiff are held back at the starting line.

57.    As discussed above, individual investor I-526E petitions cannot be adjudicated without a prior I-956F approval. Until the I-526E is adjudicated, investors cannot become eligible for permanent residency – the ultimate goal. This sequence and process of first needing to complete prerequisite requirements makes the damage caused by delaying the I-956F adjudication compound and cascade to the eventual investor I-526Es.

58.    In the marketplace, investors are routinely told that their file will lay dormant forever until the I-956F is approved. As such, investors are rightfully concerned about a snowball effect that impacts their entire immigration future and ability to secure permanent residence in the U.S.

59.    Lastly, as per the RIA, the program only has reauthorization for five (5) years starting March 15, 2022, and grandfathering provisions expire after only four (4) years, effectively

reducing the program's viability to just four (4) years. Almost three (3) years have already passed, representing the opportunity having lost nearly 50% of its overall potential validity period. Given that investors cannot secure the ultimate goal of permanent residency until I-956F petitions have been adjudicated, there is warranted concern by the EB-5 investment community that picking a project lacking USCIS I-956F approval may subject them to heightened risk due to no fault of their own, and the program may even expire without ever having any certainty at all.

60.     As a result, investors are being forced to pick between institutional-quality assets or projects with USCIS approval and the promise of faster I-526E adjudication, faster green card, avoidance of child age-out, and potential faster path to citizenship regardless of the quality or the risks of the underlying EB-5 project.

**G.     Increase in EB-5 Filing Fees Resulted in Taking Significant Revenue While Not Delivering Services**

61.     USCIS is primarily a fee-supported agency and not an appropriation-supported agency.

62.     On information and belief, USCIS, through DHS, is permitted to set filing fees for the applications and petitions it adjudicates, including the I-956F petition.

63.     On January 31, 2024, USCIS published its increased filing fee schedule for almost all types of benefit applications and petitions it adjudicates, including the I-956F.

64.     The I-956F filing fee increased from $17,795 to $47,695, which is an astronomical increase        of        168%.        *See*        Federal        Register        at https://www.federalregister.gov/documents/2024/01/31/2024-01427/us-citizenship-and-immigration-services-fee-schedule-and-changes-to-certain-other-immigration.

**COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT - 11**

65.    On January 4, 2023, USCIS (through DHS) first issued a Notice of Proposed Rulemaking ("**NPRM**"), in which it initially proposed fee increases for almost all applications, including the I-956F.

66.    In the NPRM, USCIS did not state the average number of employees or hours that it takes to process the I-956F. However, the NPRM states that the average number of hours that it takes to complete the Form I-924 (Pre-RIA for I-956F equivalent) was 40 hours.

67.    Here, Defendants have blown past 40 hours while also increasing the fees.

### CLAIMS

### Count I: Writ of Mandamus for Failure of Defendants to Lawfully Adjudicate Plaintiff's I-956F Petition

68.    Plaintiff hereby incorporates by reference as if set forth in full and at length herein paragraphs 1 through 67 of this Complaint.

69.    To obtain a mandamus, a plaintiff must demonstrate that: (1) he or she has a clear right to the relief requested; (2) the defendant has a clear duty to perform the act in question; and (3) no other adequate remedy is available. *See Iddir v. INS,* 301 F.3d 492, 499 (7th Cir. 2002).

70.    Plaintiff has fully complied with all filing requirements for submitting Form I-956F, including paying the appropriate fees.

71.    Defendants have a duty to administer and enforce the INA. *See* INA § 103, 8 U.S.C. § 1103 (regarding the duties of the Secretary of Homeland Security). Accordingly, Defendants have the responsibility to timely adjudicate Plaintiff's I-956F petition within a reasonable period of time. *See* 8 U.S.C. § 1571(b).

72.    At the time of I-956F submission under the rural category, Plaintiff's Form I-956F should have been adjudicated in 78 days or less, yet Plaintiff's I-956F petition remains pending five (5) months later.

**COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT - 12**

73.     In other rural and non-rural projects, Defendants have adjudicated I-956F petitions in 78 days or less. Defendants have failed to supply any reason for the disparate treatment accorded Plaintiff's petition. Moreover, USCIS has had ample opportunity to request and review evidence regarding the Project. However, Plaintiff has not received any further notice or request from USCIS regarding the I-956F petition.

74.     The duty owed to Plaintiff is ministerial. Defendants have collected fees from Plaintiff to timely process and adjudicate the I-956F petition, yet over 78 days have passed since submission, and Defendants have yet to issue any decision on the petition. Moreover, Defendants' breach of duty has no foreseeable conclusion, but rather could continue for many years into the future.

75.     Consequently, Plaintiff seeks to compel Defendants to make a decision on the long-pending I-956F petition without further unreasonable delay. The relief sought is not discretionary, but mandatory. *See* 8 U.S.C. §1153(b)(5)(A). Plaintiff does not have any alternative means to obtain a decision on the I-956F petition, and the right to issuance of the writ is "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp*., 485 U.S. 271, 289 (1988); *see also Matter of Sealed Case,* 151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain relief exist).

76.     Plaintiff has met all filing requirements for the I-956F petition. Plaintiff filed in a timely manner and paid the appropriate fees. Nonetheless, due to the continued delay of Defendants, Plaintiff has had to wait over five (5) months and counting for a decision on the I-956F petition, much to the financial and reputational harm to the Plaintiff, while other similarly situated

**COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT - 13**

projects have already received approvals in less time. Such an unreasonable and unexplained delay should be promptly remedied by this Court.

77.     As all administrative remedies have now been exhausted, and Plaintiff is suffering a continued harm due to Defendants' persistent delay, there exists no other adequate remedy than the filing of this action. Accordingly, Plaintiff respectfully urges this Court to assume jurisdiction and compel Defendants and those acting under them to render a decision on Plaintiff's I-956F petition.

78.     Because Plaintiff has a clear and certain claim, Defendants have a clear ministerial duty to timely adjudicate the I-956F petition, and as there is no other remedy available, Plaintiff is entitled to mandamus relief under 28 U.S.C. § 1361.

## Count II: Violation of the Administrative Procedure Act for Failure of Defendants to Adjudicate Plaintiff's I-956F Petition

79.     Plaintiff hereby incorporates by reference as if set forth in full and at length herein paragraphs 1 through 78 of this Complaint.

80.     Pursuant to the APA, a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

81.     Defendants have an obligation to adjudicate Plaintiff's I-956F petition within a reasonable time of submission. While there is not a specific deadline in which to adjudicate I-956F petitions, Defendants have shown that they have the ability to process I-956F petitions in 78 days or less.

82.     Defendants' failure to comply with statutorily-mandated action constitutes unlawfully withheld agency action that has resulted in direct hardship to Plaintiff.

## Count III: Declaratory Judgment

83.     Plaintiff hereby incorporates by reference as if set forth in full and at length herein paragraphs 1 through 82 of this Complaint.

84.     Plaintiff asserts that Defendants' actions and failures to act by refusing to adjudicate the I-956F petition in a timely manner violate the APA, the INA, and its companion regulations. As such, Plaintiff seeks a declaration to that effect under 28 U.S.C. § 2201.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court enter judgment on its behalf and:

1.     Issue a writ of mandamus and/or an order under the APA requiring that the Defendants and their agents adjudicate Plaintiff's I-956F petition within the next 30 days;

2.     Declare that Defendants' delay in adjudicating Plaintiff's I-526E petition is in violation of 28 U.S.C. § 1361 (mandamus); 5 U.S.C. § 706(1) (unreasonable delay); and the Immigration and Nationality Act and its corresponding regulations, including 8 U.S.C. § 1571(b).

3.     Award Plaintiff its attorneys' fees, costs, and expenses as applicable, and

4.     Grant such other relief as the Court deems just, equitable, and proper.

Dated: October 24, 2025

GIVENS PURSLEY LLP


By:  _/s/ Alexander P. McLaughlin_
        Alexander P. McLaughlin – Of the Firm
        *Attorneys for Plaintiff*

**COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT - 15**

EXHIBIT 1

# EXHIBIT 1



U.S. Citizenship
and Immigration
Services

U.S. Citizenship and Immigration Services
P.O. Box 660168
Dallas, TX 75266-0168

**DATE: May 8, 2025**

**Bradford Stedem**
**EB5 United Rockies Regional Center LLC**
**C/O Jessica DeNisi**
**2000 Market Street Ste 1050**
**Philadelphia, PA 19103**

**Regional Center ID:** 220000443
**New Commercial Enterprise:** EB5 United Driggs LLC
**NCE ID:** NCE2590001303

**Application Type:** Initial
**Receipt Number**: INF2560015768

**Received Date: 05/02/2025.**

Dear Sir/Madam:

This is in reference to the Form I-956F, Application for Approval of an Investment in a
Commercial Enterprise, you submitted.

Application/Petition Fee: $47,695.00
Total Amount Received: $47,695.00
Total Balance Due: $0.00

Visit the USCIS Contact Center at www.uscis.gov/contactcenter to get answers to your questions
and connect with a live USCIS representative. The USCIS Contact Center provides information
in English and Spanish. For TTY (deaf or hard of hearing) call: 1-800-767-1833.

Thank you,
U.S. Citizenship and Immigration Services

# EXHIBIT 2A

  ≡

# USCIS Approves I-956F for Behring's CIVIC EB-5 Project, Receives Infrastructure Designation

‹ Back          June 30th, 2025          Kyle Behring

Behring is thrilled to announce that the **Community Investment for Veterans' Infrastructure & Care (CIVIC)** EB-5 Project, sponsored by Behring Regional Center, has been **approved by USCIS as an infrastructure project in 78 business days**. Infrastructure designation enables EB-5 investors to obtain a US green card with an $800,000 investment while potentially avoiding the  visa backlogs expected for rural and high unemployment area projects.

## What is the CIVIC EB-5 Project?

The **CIVIC EB-5 Project** is Behring's latest EB-5 investment opportunity, designed to renovate and develop a critical 57,000 square-foot Veterans Affairs (VA) outpatient medical center in Oakland, California. The project directly addresses the urgent healthcare needs of over 42,000 veterans in Alameda County, providing modern, secure, and accessible medical services in partnership with the U.S. Department of Veterans Affairs.

## Key Features of the CIVIC EB-5 Project

**Infrastructure Reserved Visa:** Infrastructure visa set-aside gives investors a unique advantage because there far less competition for infrastructure visas vs. rural or high unemployment area reserved visas.

**Federal Lease & Repayment in Place:** The VA has executed a lease agreement for the clinic and must repay the tenant improvements upon project completion, backed by the full faith and credit of the U.S. Government.

**Job Creation Assurance:** The project is forecasted to create nearly 400 jobs, with a substantial buffer to meet EB-5 program requirements.

**Investor Protections:** Behring offers a money-back guaranty on I-526E approval, further minimizing risk for EB-5 participants.

## Government-Backed Repayment of Renovation Costs



operations center that expects to receive over 43,000 visits annually by thousands of veterans across the San Francisco East Bay Area. The VA lease was awarded after a competitive government selection process, highlighting the project's quality, central location, and ability to serve urgent infrastructure needs.

Approximately $20 million in tenant improvements for the VA's outpatient medical clinic will be reimbursed by the U.S. government upon project completion. With a long-term lease and federal reimbursement secured, the CIVIC EB-5 project offers investors a uniquely de-risked opportunity. It minimizes rent-based repayment uncertainty and features a creditworthy, long-term anchor tenant.

## Next Steps for EB-5 Investors

The CIVIC EB-5 project offers EB-5 investors a unique opportunity to join an approved infrastructure TEA designated EB-5 project**.** Positions for the CIVIC EB-5 project are limited. If you are considering EB-5 investment, now is the time to contact Behring's EB-5 team to learn how you can reserve your slot.

# Schedule a Call with Behring's Team of EB-5 Experts to Get Started Today

**Schedule a call and learn about EB-5, our investment opportunities, processing time estimates, cost estimates, financing options, attorney recommendations, and more!**





---

Categories

<u>Behring Regional Center</u>      <u>CIVIC</u>      <u>Behring Projects</u>      <u>EB-5 Projects</u>      <u>USCIS</u>

Share this on

FACEBOOK          LINKEDIN          TWITTER          EMAIL

## Projects

### CIVIC
Oakalnd, CA

PROJECT DOWNLOAD

## Recent Posts

7/18/25, 9:43 AM

Case 1:25-cv-00614-REP    Document 1-56F for Hearing 10/24/25    Page 22 of 42
USCIS Approved 956F for Behring's CIVIC EB-5 Project

 **BEHRING CO.** ☰

Crackdown on EB-1 Visas: Rising Revocations, USCIS Scrutiny, and the Case for EB-5

F-1 Visa Crackdowns Trigger Student Uncertainty: Why EB-5 Offers a Safer Path

Why the VA Selected Behring's Oakland Site

# Categories

| | |
|---|---|
| 1900 Broadway | Behring Projects |
| Behring Regional Center | Blog |
| BRC Legacy Fund | BRC Legacy Partners LP |
| CIVIC | Construction Update |
| E-2 Visa | EB-1 |
| EB-2 | EB-3 |
| EB-5 | EB-5 Explanation |
| EB-5 Help | EB-5 Investor Loans |
| EB-5 Litigation | EB-5 Loans |
| EB-5 Policy | EB-5 Projects |
| EB-5 Resources | EB-5 Risk |
| EB-5 Risk | Expedited Processing |
| F-1 | General Immigration |
| H1B | I-526 |
| I-526申請 | I-829申請 |
| immigrant visa | india |
| L1 Visa | nonimmigrant visa |
| Redeployment | Retrogression |

BEHRING CO.

☰

Seminars                                              Shangai Free Trade Zone (FTZ)

Source of Funds                                       student visa

Uncategorized                                         Unity Lender

USCIS                                                 USCIS

USCIS Processing Times                                USCIS Processing Times

VA Lease                                              Visa Bulletin

Projects
All Projects
CIVIC
1900 Broadway
Madison Park
The Graduate
Landing at College Square
Parkview Towers

EB-5 Requirements
Our EB-5 Process
Am I Eligible?
EB-5 Costs
EB-5 FAQ
EB-5 Resource Center

Company
About Us
EB-5 Blog
Contact Us
Privacy Policy
Terms of Use
Sitemap

Follow Us

© 2019 Behring Co. All Rights Reserved.



For detailed explanations or to view actual policy please contact Behring at info@behringco.com. Any offering of securities will only be by means of a confidential private offering memorandum, and conducted in accordance with applicable law. These securities have not been registered under the Securities Act of 1933 and may not be offered or sold in the United States or to U.S. persons unless the securities are registered under the Act, or an exemption from the registration requirements of the Act is available. Hedging transactions involving the securities may not be conducted unless in compliance with the Act.

Consent Preferences

# EXHIBIT 2B



First Investor in CMB Regional Centers Daytona Beach Project Receives Green Card Approval

by Sean Murphy | Jun 4, 2025 | News, Uncategorized



operators in the EB-5 industry, today announced the first approval of a petition for conditional permanent residency in the United States (I-526E petition) by United States Citizenship and Immigration Services (USCIS) for an investor in its Group 84 – Hillwood Daytona BTS project.



The I-526E petition is filed by an individual seeking a green card through the EB-5 Immigrant Investor Program, with approval signifying the eligibility of the investor and their immediate family members for conditional permanent residency in the United States.

"This first approval of an I-526E petition is a significant milestone for our business and, most importantly, for the investors and families who have entrusted us with a critical step in their immigration journey," said Noreen Hogan, President at CMB. "We are thrilled for this investor and look forward to additional USCIS approvals in the near future."

The CMB Group 84 EB-5 partnership lent $79.2 million to a Hillwood Development Company-affiliated entity for the construction of a Daytona Beach (Florida) build-to-suit logistics facility for a Fortune 500 tenant. CMB and Hillwood Development Company (Hillwood) have cultivated one of the most successful EB-5 lender-borrower relationships in the EB-5 space, with over 40 EB-5 projects and more than $500 million in EB-5 loan repayment to investors.

CMB and Hillwood have generated significant traction over the past year with regard to record-setting speed for approvals of their EB-5 collaborations, far outpacing the USCIS-reported 13 months (for 80% of cases) for I-956F petitions:

- CMB Group 89 – Hillwood City Creek (I-956F approved in 39 days)
- CMB Group 86 – Gable House Apartments (I-956F approved in under five months)
- CMB Group 90 – Hillwood Treeline (I-956F approved in just over six months)
- CMB Group 93 – Coachella Valley (I-956F approved in three months)
- CMB Group 98 – Hillwood Commerce 71 (I-956F approved in under three months)


**About CMB Regional Centers**

CMB has been a leader in the EB-5 industry for over 28 years, with its first regional center designation approved in 1997. Since then, CMB has assisted over 6,600 investor families, from over 100 countries, in their pursuit of immigrating to the United States. CMB currently maintains a 100% project approval rate on all partnerships that have undergone USCIS adjudication. To date, CMB has repaid over $1.4 billion USD to investors.

To learn more, contact CMB directly at info@cmbeb5visa.com.





Noreen Hogan Elected Vice President of IIUSA, The Leading EB-5 Industry Trade Group

by Sean Murphy | May 9, 2025 | News, Uncategorized



**CMB** Regional Centers

*Hogan, President of CMB Regional Centers, has officially been elected for a third term*

CMB Regional Centers (CMB) today announced that Noreen Hogan (President, CMB) has been reelected as Vice President of Invest in the USA (IIUSA), the leading industry trade group for the EB-5 Immigrant-Investor Program.

"I am honored and humbled to serve as Vice President of IIUSA," said Hogan "I look forward to continuing our work to advance, enable and improve the EB-5 Regional Center program."

IIUSA, the investment-based immigration industry's leading advocacy group, brings together more than 200 EB-5 Regional Center members around a shared purpose: stimulating the United States economy by cultivating foreign investments that create American jobs. IIUSA's work has been integral in generating $32 billion in investment, creating hundreds of thousands of new jobs, and revitalizing communities across the country.

"EB-5 is at an inflection point, and IIUSA's mission has never been more vital," said Hogan "As leaders from across the Regional Center industry, it is our responsibility to ensure the EB-5 program remains a sustainable source of capital for job-creating projects and a viable pathway to permanent residency for investors."

A pioneer in the Regional Center industry, CMB's track record demonstrates both the promise and the potential of EB-5 to harness the power of foreign investment to reinvigorate American communities. An acronym for "California Military Base", CMB was founded in 1997 with a focus on leveraging EB-5 to revitalize former military bases in California. CMB's first EB-5 projects laid the groundwork for McClellan Air Force Base and Norton Air Force Base to transform into McClellan Park (the largest master-planned community in California) and the San Bernardino International Airport, respectively.

**About CMB Regional Centers**

CMB Regional Centers (CMB) has been a leader in the EB-5 industry for over 28 years, with its first regional center designation approved in 1997. Since then, CMB has assisted over 6,600 investor families, from over 100 countries, in their pursuit of immigrating to the United States. CMB currently maintains a 100% project approval rate on partnerships that have undergone United States Citizenship and Immigration Services (USCIS) adjudication. To date, CMB has repaid over $1.4 billion USD to investors.

To learn more, contact CMB directly at info@cmbeb5visa.com.





CMB Regional Centers Logistics Project Awarded I-956F Approval by USCIS

by Sean Murphy | May 1, 2025 | News, Uncategorized

**CMB** Regional Centers

*Investors will be eligible for immediate adjudication of conditional green card petitions*

DALLAS, May 1, 2025 – CMB Regional Centers (CMB), one of the most experienced regional center operators in the EB-5 industry, today announced that its Group 98 – Hillwood Commerce 71 project has received Form I-956F approval less than three months after filing with United States Citizenship and Immigration Services (USCIS).

I-956F approval indicates that USCIS has confirmed the project meets all necessary EB-5 Immigrant-Investor Program requirements, making Group 98 investors eligible for immediate adjudication of their conditional green card (I-526E) petitions by USCIS.

**NEW MILESTONE!**
I-956F Petition Approved

I-956F USCIS APPROVED

**Group 98**
Hillwood Commerce 71                Columbus, Ohio

"Securing I-956F approval is a critical milestone in the EB-5 process, and the continued speedy approvals of our projects in high-unemployment areas highlight the underwriting rigor we apply to our investment opportunities," said Noreen Hogan, President at CMB "With this approval, our Group 98 investors are that much closer to achieving their goal of permanent residency in the United States."

Located in the growing business hub of Columbus (capital city of Ohio), Hillwood Commerce 71 will include the development and construction of two Class-A industrial logistics facilities, a wastewater treatment facility, and associated infrastructure improvements required to complete the redevelopment of the site. EB-5 funds will be utilized in all aspects of the development and construction activities of the project.

The approval continues the trend of record-setting USCIS approval timeframes for CMB EB-5 projects, far outpacing the USCIS-reported 14 months processing time (for 80% of cases) for I-956F petitions:

- CMB Group 89 – Hillwood City Creek (I-956F approved in 39 days)
- CMB Group 86 – Gable House Apartments (I-956F approved in under five months)
- CMB Group 90 – Hillwood Treeline (I-956F approved in just over six months)
- CMB Group 93 – Coachella Valley (I-956F approved in three months)

CMB and Hillwood Development Company (Hillwood) have cultivated one of the most successful EB-5 lender-borrower relationships in the EB-5 space, with over 40 EB-5 projects and more than $500 million in EB-5 loan repayment to investors. Hillwood is among the largest and most successful developers in the United States and has developed projects for over 90 companies listed in either the Fortune 500 or Global 500.

Group 98 is the thirteenth CMB EB-5 partnership to achieve an I-956F approval under the EB-5 Reform and Integrity Act of 2022 (RIA).

Previously approved partnerships include:

- CMB Group 78 – Hillwood California BTS
- CMB Group 81 – Inland Empire Industrial
- CMB Group 82 – Hazleton Logistics Park
- CMB Group 83 – Hillwood SOMI Hayward
- CMB Group 84 – Hillwood Daytona
- CMB Group 86 – Gable House Apartments
- CMB Group 87 – Kona Bay Hampton Hotel
- CMB Group 88 – Hillwood Detroit Fairgrounds
- CMB Group 89 – Hillwood City Creek
- CMB Group 90 – Hillwood Treeline
- CMB Group 91 – Hillwood DTW Air Cargo
- CMB Group 93 – Coachella Valley



desig...  ...  pursuit of immigrating to the United States. CMB currently maintains a 100% project approval rate on partnerships that have undergone United States Citizenship and Immigration Services (USCIS) adjudication. To date, CMB has repaid over $1.4 billion USD to investors.

To learn more about CMB, the EB-5 program, and Group 98 please visit the CMB website or contact us directly at info@cmbeb5visa.com.



## CMB Export and Principals Secure Landmark Victory in Jury Trial

by Sean Murphy | Apr 18, 2025 | News, Uncategorized



*The allegations revolved around a complex financial situation in which CMB's principals made
extraordinary efforts to enhance and protect the collateral by preserving the ongoing operations of
its borrower and affiliated companies*

LOS ANGELES, April 18, 2025 – CMB Export LLC, a global leader in helping foreign nationals achieve permanent residency
through the EB-5 immigrant investor program, announced its landmark victory in a civil trial. The three-week trial, presided
over in Los Angeles, culminated in a jury verdict delivered on November 21, 2024. The jury ruled in favor of CMB Export and its
principals in a unanimous verdict that was memorialized in a Judgement in favor of CMB Export that was filed by the court on
April 2, 2025.

The allegations revolved around a complex financial situation in which CMB's principals made extraordinary efforts to preserve
the ongoing operations of its borrower and affiliated companies. When the borrower and its parent company were faced with
significant financial challenges, the principals of CMB Export personally infused over $15 million into the borrower's business
to sustain operations in an effort to enhance and protect the collateral securing its loan.

At issue in the case were claims suggesting that CMB Export (the general partner) and its principals acted against the
interests of the limited partnership and its stakeholders. Specifically, the plaintiffs alleged they were deprived of the
opportunity to independently invest funds when CMB Export's principals contributed over $15 million of their own money to
stabilize and maintain operations of the borrower's company. This effort was undertaken during a critical period to ensure the
borrower's health, sustain American job creation, and increase the overall value of its assets that serves as collateral for the
limited partnership's loan to position the borrower and its parent company for a future sale and repayment to its creditors.

The defense demonstrated that the principals' actions not only allowed the borrower's company and its parent company to
continue operations, but also preserved the integrity of the limited partnership. Furthermore, CMB Export's strategic decisions
helped to enable the borrower's company and its parent company to generate the required economic activity to meet the EB-
5 program's mandate of creating at least ten new American jobs per investor.

By assigning the full benefits of their $15 million loans to the limited partnership, the principals ensured that *all* limited
partners—not a select few—benefited from their efforts. The jury validated this position, recognizing that the principals acted
in the best interest of the limited partnership and all its investors.

*"The jury's verdict reaffirms what we have always stood for—acting transparently and with integrity to
benefit every member of our limited partnership," said Pat Hogan, Manager of CMB Export "The decision
to personally step in and provide financial support to stabilize the borrower's company was not made lightly.
This victory highlights our unwavering commitment to both CMB's mission and the trust of our valued
investors."*

The legal team at Lewis Brisbois Bisgaard & Smith LLP represented CMB Export in this case, demonstrating their expertise in
navigating complex civil litigation. Their strategic approach and in-depth understanding of fiduciary law played a critical role in
securing the favorable verdict.

Notably, CMB Export and its affiliates continue to deliver on the primary goal of the EB-5 program—helping investor's secure
permanent residency (green cards) in the United States. Every limited partner within the limited partnership central to this
case has successfully achieved this outcome.

| | Search |
|---|---|

## Recent Posts

Trump Administration Launches Gold Card Website

First Investor in CMB Regional Centers Daytona Beach Project Receives Green Card Approval

**CMB** Regional Centers

CMB Export and Print ,

## Recent Comments

No comments to show.



### Headquarters

5910 N Central Expy, Suite 1000
Dallas, Texas 75206

### Regional Office

7819 42 Street West
Rock Island, Illinois USA 61201

### Contact Us

+1 309-797-1550
info@cmbeb5visa.com

**Log In**

Contact Us

Careers

Privacy Policy

American Immigration Lawyers
Association

CMB believes that this website is accessible to the widest possible audience pursuant to the guidelines of the Americans with Disabilities Act. Click here for more information.

Healthcare Transparency in Coverage

This is not an offer to sell securities or the solicitation of an offer to purchase securities. Any offer to participate in any sponsored project may only be made pursuant to a written offering memorandum. Any sale in a sponsored project shall be evidenced by a subscription agreement executed by a foreign national and will be offered and sold, to the extent applicable, both within and outside of the United States in reliance on exemptions from registration under the securities act, state laws and the laws of jurisdictions where the offering will be made.



Powered by Plego Technologies

**EXHIBIT 2C**

English ▼



Menu

| **+1-800-997-1228** | **Free Evaluation** |
| --- | --- |
|  | Please click here to get started |

EB-5 VISA BLOG

# EB-5 projects gain speed as USCIS pushes out quicker I-956F approvals

**EB5Investors.com Staff**          July 8, 2025



The U.S. Citizenship and Immigration Services (USCIS) approves I-956F forms for Regional Center projects. These approvals are essential for these projects to qualify as EB-5 investments.

Projects approved in the first part of 2025 continue the trend of accelerated processing, especially for rural TEA deals. Below is a list of projects for which public and accessible information about the I-956Fs is available.

## 2025

**July**

• Behring Co.'s Community Investment for Veterans' Infrastructure and Care ("CIVIC") Project, a primary care outpatient clinic operated by the U.S. Department of Veterans Affairs (VA) in Oakland, California.

**June**

• ALC's Marcella Landing gated townhome community in a rural TEA in Utah, within 3 months, which marks the regional 31st project approval since the EB-5 Reform and Integrity Act (RIA) took effect in 2022.

• Atlantic American Partners' West End multifamily housing units in a rural TEA in Edwards, Colorado, in the Vail Valley.
• Behring Co.'s expansion of the RISE EB-5 Fund, a collection of 14 multi-family apartment developments, in the East San Francisco Bay, was approved in five weeks.

### May

• ALC's Hilton Hotel in a rural TEA in Texas, within 4 months.
• CMB Regional Centers' Group 98 – Hillwood Commerce 71 logistics project in Columbus, Ohio, approved in less than three months.

### April

• ALC's Eastern Light Distillery in a rural TEA in Morehead, Kentucky, within 4 months.
• EB5 Healthcare's DOCS Surgical Hospital in a HUA in Los Angeles, California, was approved in four months.
• Peachtree Group's SpringHill Suites by Marriott in Bryce Canyon, Utah.

### March

• ALC's Homestead Resort restoration and expansion under Marriott Autograph Collection standards in a rural TEA in Midway, Utah, within 4 months.

### February

• ALC's Americus fresh vertical farming facility in a rural TEA in Americus, Georgia, within 6 months, and the Lokal Harvest project in a rural TEA in South Carolina, within 3 months.
• Canam Enterprises' Waterview Residences project in a rural TEA in Dillon, Colorado, was approved in two months and two weeks.

### January

• ALC's Cape Generating Station Phase 1 geothermal energy project in a rural TEA in Milford, Utah, within 3 months.
• Canam Enterprises' ZeroPark Infrastructure expansion project in a HUA in Nederland, TX, was approved in 3 months.
• EBAN's Rocky River project in a rural TEA in Locust, North Carolina, within 3 months.

## 2024

### December

• ALC's Holiday Inn Express in a rural TEA in Colorado, within 4 months.
• Christian Tyler Properties LLC's Elkin Senior Living is in a rural TEA in Wilkes County, North Carolina.

### November

• ALC's Harrison County Hospital in Bethany, Missouri, within 10 months.

### October

• American Lending Center (ALC)'s Calhoun Liberty Hospital(Rural Project) in Florida was approved within 8 months; Medical West Hospital in Alabama (Infrastructure) in 8 months, and Samaritan District Hospital in Washington (Infrastructure) in 12 months, all located in TEAs.
• U.S. Immigration Fund's Summit NJ project in Jersey City's Journal Square in New Jersey almost 8 months.

## September

• EB5AN's ONE Tampa luxury condominium tower in an urban HUA in downtown Tampa, Florida, approved in 3 months.
• Paraprin Capital's Mammoth Obsidian luxury townhomes in a rural TEA in Mammoth Mountain, California.



**June**

• EB5AN's Tamarack Resort in a rural TEA on Lake Cascade, in Idaho, was approved in 3 months.

DISCLAIMER: The views expressed in this article are solely the views of the author and do not necessarily represent the views of the publisher, its employees. or its affiliates. The information found on this website is intended to be general information; it is not legal or financial advice. Specific legal or financial advice can only be given by a licensed professional with full knowledge of all the facts and circumstances of your particular situation. You should seek consultation with legal, immigration, and financial experts prior to participating in the EB-5 program Posting a question on this website does not create an attorney-client relationship. All questions you post will be available to the public; do not include confidential information in your question.



MORE FROM THIS AUTHOR

Confirmed USCIS director Joseph Edlow expected to shape EB-5 policy
Posted on July 17, 2025

EB-5 loans: How to avoid common USCIS application rejections
Posted on July 16, 2025

As U.S. immigration tightens, EB-5 emerges as a smart pathway
Posted on July 15, 2025

EB5 INVESTORS BLOG POSTS

Confirmed USCIS director Joseph Edlow expected to shape EB-5 policy
Published on July 17, 2025

EB-5 loans: How to avoid common USCIS application rejections
Published on July 16, 2025

As U.S. immigration tightens, EB-5 emerges as a smart pathway
Published on July 15, 2025

RECENT QUESTIONS & ANSWERS

How does the regional center return my EB-5 investment?
Answered on July 17, 2025

How can I file for US citizenship with missing tax declarations?
Answered on July 17, 2025



How soon could the final action date for Indian EB-5 Unreserved move again?

Answered on July 16, 2025





**EB5Investors.com Staff**

Tagged approvals, eb-5 projects, eb5, I-956f, regional center, uscis

Home / EB-5 Visa News / EB-5 projects gain speed as USCIS pushes out quicker I-956F approvals

**COMPANY**

Book

Magazine

Conferences

About Us

Careers

**RESOURCES**

EB-5 Information

Find a Professional

EB-5 Glossary

EB-5 Visa Investment Projects: Top Investment States

EB-5 Rural TEA



7/18/25, 9:54 AM
Case 1:25-cv-00614-REP    Document 1    Filed 10/24/25    Page 41 of 42
EB-5 projects gain speed as USCIS pushes out quicker I-956F approvals - eb5 investors

Blog

EB-5 FAQs

EB-5 Consulting Services

Sitemap

**COMMUNITY**

Free Evaluation

Become a Regional Center

Join Our Community

Law School Scholarships

EB-5 Podcast

**CONNECT**

Twitter

LinkedIn

Facebook

YouTube

Instagram

**TERMS OF USE**

Attorney Member Terms of Use

Regional Center Terms of Use

Service Provider Terms of Use

Visitor Terms of Use

### STAY IN THE LOOP

Sign up to receive emails for the latest updates and news on EB5 matters.

First Name

Last Name

Email Address*

☐ By checking this box, I agree to be bound by the linked to Terms and Conditions.

☑ I would like information via email including special announcements.

Subscribe









Copyright © 2025  eb5investors.com  |  Privacy Policy
Back to top

